UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS MALCOM a/k/a<br>    MACK WARREN (#B-03299) | )<br>)<br>) | |
| PLAINTIFF, | )<br>) | CASE NO. 18 CV 7941 |
| v. | )<br>) | |
| | ) | JUDGE ROBERT M. DOW, JR. |
| OFFICER RIS RYAN, ET AL., | )<br>) | |
| DEFENDANTS. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Thomas Malcom (incarcerated under the name Mack Warren), currently an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, correctional officers at the Cook County Jail, violated Plaintiff's constitutional rights by subjecting him to an unnecessarily public and degrading strip search. Currently before the Court is Defendants' motion for summary judgment on the ground that Plaintiff failed to exhaust administrative remedies before filing suit.

By Order of March 12, 2020 [40], the Court struck Plaintiff's "motion in opposition," but granted him the opportunity to file a proper response to the motion in accordance with summary judgment requirements. Despite being granted more than four months in which to do so, Plaintiff has declined to file an opposing brief or to request additional time. Moreover, as explained below, although Plaintiff did not avail himself of the additional opportunity to put his best foot forward in opposition to Defendants' motion, the Court has reviewed and taken into consideration Plaintiff's February 24, 2020 filing [39]. Still, the undisputed facts show clearly that Defendants are entitled to judgment as a matter of law, so waiting any further time for a more fulsome response brief would be a futile gesture. For the reasons discussed in this order, Defendants' motion for

summary judgment [33] is granted. The Court directs the Clerk to enter judgment in favor of Defendants pursuant to Fed. R. Civ. P. 56. Civil case terminated.

**I.     Background**

The Court draws the background facts from Defendants' N.D. Ill. Local Rule 56.1 Statement of Material Facts [34]. Plaintiff was given an opportunity to respond to Defendants' Statement of Facts, and he received a Local Rule 56.2 Notice to *Pro Se* Litigant explaining how to respond. [35, 37.] At the Court's direction, Defendants also re-mailed Plaintiff a complete copy of their summary judgment brief, including all exhibits. [40.] Nevertheless, Plaintiff filed no response. The Court thus considers Defendants' factual assertions in their Rule 56.1 Statement admitted to the extent that they are supported by the record. See N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *Wilson v. Kautex, Inc.*, 371 F. App'x 663, 664 (7th Cir. 2010) ("enforcing Local Rule 56.1 [i]s well within the district court's discretion, even though [a plaintiff] is a *pro se* litigant").

Plaintiff Malcom Thomas is currently an Illinois state prisoner, incarcerated at the Robinson Correctional Center. [34, ¶ 1.] Plaintiff was a pretrial detainee at the Cook County Jail at the time of the events giving rise to this action. (*Id.*) Defendants Thomas (sued as "Ris") Ryan, Jason Moon, Kia McCray, and Howard Taylor were correctional officers at the jail at all times relevant. [*Id.*, ¶¶ 2-5.]

On May 22, 2017, correctional officials conducted a search of Plaintiff's cell. [*Id.*, ¶ 13.] The officers recovered a baggie containing an unknown white substance, a disposable cup that held multiple pills, and a "kite" (that is, a note passed between inmates.) [*Id.*]

2

Following the cell search, a sergeant and Defendant Taylor escorted Plaintiff to a body scan machine. [*Id.*, ¶ 14.] During the scan, a lighter fell out of Plaintiff's pants. [*Id.*, ¶ 15.]

Throughout this time period, Cook County Department of Corrections General Order 24.14.5.0 and Sheriff's Order Lexipol 600 were in effect. [*Id.*, ¶ 16.] Both notices outlined inmate grievance procedures. [*Id.*] Inmates are made aware of jail grievance procedures "through multiple methods, including but not limited to" information set forth on the forms themselves and information provided in the inmate handbook. [*Id.*, ¶ 17.] Grievance forms are available in the inmate living units, and can also be obtained from correctional rehabilitation workers when they perform their rounds. [*Id.*, ¶ 19.]

On June 6, 2017, Plaintiff submitted a grievance complaining about the allegedly public nature of the strip search that had been performed on May 22, 2017. [*Id.*, ¶ 20.] Correctional officials responded to the grievance on June 13, 2017. [*Id.*, ¶ 21.] Plaintiff signed the document, acknowledging receipt of the administration's response.[1] [*Id.*, ¶ 22.] Plaintiff did not appeal the denial of that grievance. [*Id.*, ¶ 23.]

On September 14, 2017, Plaintiff filed a grievance pertaining to an unrelated matter. [*Id.*, ¶ 24.] Plaintiff pursued an appeal in connection with that second grievance. [*Id.*, ¶ 26.]

## II.     Legal Standard

---

[1] In his "motion in opposition," Plaintiff stated that "to the best of [his] recollection," he did not receive a written response to his grievance. [39, ¶ 3.] But Plaintiff went on to say that "there is no written response upon any of the exhibits provided me by the Defendants' attorney." [*Id.*] The Court therefore instructed Defendants to re-mail Plaintiff a copy of their motion for summary judgment and all exhibits. [40.] Furthermore, the Court specifically directed Plaintiff's attention to the Inmate Grievance of June 6, 2019, [34-1 at 29], which bore what purported to be his signature confirming that he had received correctional officials' response to his grievance. [*Id.* at 2.]

3

"The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hanover Ins. Co. v. Northern Bldg. Co.*, 751 F.3d 788, 791 (7th Cir. 2014). In determining whether factual issues exist, the Court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v. Univ. Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). The Court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986)).

To survive summary judgment, the nonmoving party must make a sufficient showing of evidence for each essential element of his case on which he bears the burden at trial. *Blow v. Bijora, Inc.*, 855 F.3d 793, 797-98 (7th Cir. 2017) (citing *Celotex*, 477 U.S. at 322-23). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Blythe Holdings, Inc. v. DeAngelis*, 750 F.3d 653, 656 (7th Cir. 2014) (citations omitted). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Johnson v. Manitowoc Cty.*, 635 F.3d 331, 334 (7th Cir. 2011) (quoting *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008)).

"[A] nonmovant's failure to respond to a summary judgment motion or failure to comply with Local Rule 56.1 * * * does not * * * automatically result in judgment for the movant." *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) (citations and internal quotation

marks omitted). The movant "must still demonstrate that it is entitled to judgment as a matter of law." *Id.*

**III.** **Analysis**

No material facts are in dispute, and Defendants have established that they are entitled to judgment as a matter of law. Defendants have demonstrated that Plaintiff failed to complete the administrative exhaustion process with respect to the incident giving rise to this lawsuit.

The Prison Litigation Reform Act of 1996 contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a); see also *Jones v. Bock*, 549 U.S. 199, 204 (2007); *Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *Lyles v. Gambino*, 2019 WL 2511868, at *8 (N.D. Ill. June 17, 2019) (same).

In order to satisfy the PLRA's exhaustion requirement, a prisoner "must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Smith v. Gomez*, 2019 WL 2288015, at *2 (N.D. Ill. May 29, 2019) (same) (citations omitted). An inmate must comply with the rules established by the State with respect to the form, timeliness, and content of grievances. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-25 (7th Cir. 2002); *Torres v. Pfister*, 2017 WL 3386120, at *4 (N.D. Ill. Aug. 7, 2017). Administrative remedies have not been exhausted unless the inmate has given the process a chance to work and followed through with administrative appeals. *Worthem v. Boyle*, 404 F. App'x 45, 46 (7th Cir. 2010) (citing *Ford*, 362 F.3d at 398-400; *Dixon v. Page*,

291 F.3d 485, 490-91 (7th Cir. 2002)). If a prisoner fails to properly avail himself of the prison's or jail's grievance process, then he may lose his right to sue. *Fleming v. Illinois Dep't of Corr.*, 2017 WL 1833207, at *3 (N.D. Ill. May 8, 2017); see also *Torres*, 2017 WL 3386120, at *4 (same) (citing *Massey*, 196 F.3d at 733).

The Cook County Department of Corrections has an established grievance process that is available to all inmates. *Brengettcy v. Horton*, 423 F.3d 674, 678 (7th Cir. 2005). This process requires filing a grievance and an appeal. *Id.* An inmate at the Cook County Jail is required to submit a grievance in a designated lockbox within fifteen days of the matter being grieved. *Stallings v. Cook County*, 2013 WL 3669623, at *4 (N.D. Ill. July 12, 2013). The grievances are picked up daily by the Correctional Rehabilitation Worker, who must address the grievance within thirty days. *Id*. If dissatisfied with the response, the inmate must bring an appeal within fourteen days thereafter. *Id*. The appeal completes the grievance process. *Id*.

Correctional officials bear the burden of pleading and proving failure to exhaust. See, *e.g.*, *Jones*, 549 U.S. at 212 (inmates need not specifically plead exhaustion); *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018) ("It was not [the inmate]'s burden to establish that the grievance process was unavailable; it was the officers' burden to show that [the inmate] did not exhaust available remedies"); *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006) ("it is important to remember that exhaustion is an affirmative defense, and consequently the burden of proof is on the prison officials").

In the case at bar, Defendants have met their burden of showing non-exhaustion. There is no dispute that Plaintiff failed to complete the two-step administrative exhaustion process in connection with his claim that he was subjected to an unreasonable search. Plaintiff did file a

grievance challenging the propriety of the May 2017 strip search. [34-1, a 29, (Inmate Grievance).] But Plaintiff did not appeal the disposition of that grievance. The section providing for an appeal is blank and non-detached. [*Id.*]

Nor does Plaintiff suggest that the appeal process was somehow inaccessible to him. *Contrast Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) (grievance procedures were "unavailable" for purposes of the PLRA where inmate was shackled to a hospital bed and prison employees failed to inform him of his right to file a grievance). Defendants report that Plaintiff remained at the jail until January 2017; even viewing the evidence in the light most favorable to him, the record does not support an inference that anything impeded him from pursuing an appeal. In fact, Plaintiff appealed the denial of another, unrelated grievance about three months later, which tends to reflect both that the appeal process was available to him, and that he was familiar with that process. Consequently, the Court must dismiss this case pursuant to 28 U.S.C. § 1997e(a) in view of Plaintiff's failure to finalize the grievance process. And because Plaintiff failed to exhaust available administrative remedies, the Court has no occasion to reach the substantive merit of his claims.

**IV.   Conclusion**

In sum, Defendants having shown that Plaintiffs failed to exhaust administrative remedies with respect to the claims raised in this lawsuit, their uncontested motion for summary judgment [33] is granted. The Court directs the Clerk to enter judgment in favor of Defendants pursuant to Fed. R. Civ. P. 56. Dismissal is without prejudice to re-filing suit should the grievance process remain available to Plaintiff. See *Ford*, 362 F.3d at 401 ("[A]ll dismissals under § 1997e(a) should be without prejudice"). Nevertheless, this is a final, appealable order closing this case.

If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. See Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. See *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998); *Bentz v. Palmer*, 2015 WL 1042932, at *5 (N.D. Ill. Mar. 5, 2015).

If the appeal is found to be non-meritorious, the Court of Appeals could assess Plaintiff a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he or she is in imminent danger of serious physical injury. *Id.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court. See Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. See Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. See Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. See Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. See Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. See Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for

9

filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment.   See Fed. R. App. P. 4(a)(4)(A)(vi).

Dated:   July 24, 2020                _____
                                                    Robert M. Dow, Jr.
                                                    United States District Judge